*406 OPINION AM) ORDER
[1] This matter invokes our jurisdiction to determine a petition for extraordinary writ pursuant to Hopi Ordinance 21, Sec. 1.2.6.

FACTUAL & PROCEDURAL BACKGROUND

[2] On April 25, 2005, the Petitioner, Charleston Lewis, filed his Petition for a Writ of Habeas Corpus or alternatively a Petition for a Writ of Prohibition. The Hopi rales of civil and criminal procedure have combined the various common law wits into a singular action entitled ‘Extraordinary Writ’ in Rule 35, Hopi Indian Rules of Civil and Criminal Procedure. We find that Petitioner’s petition is, in effect, a petition for extraordinary relief and we shall treat it accordingly.
[3] On October 20, 2004, a written complaint was filed which sought a temporary order regarding the care and custody of T.L. The subsequent order, in effect, placed the minor child in the temporary custody of Hopi Social Services. Later on November 3, 2004 a Minor in Need of Care Petition was filed with the Hopi Children’s Court stating that the minor child, T.L., was a minor in need of care.
[4] The Petitioner was notified of the proceedings and then was allowed to intervene on November 29, 2004. The Petitioner, upon obtaining a decree of paternity, sought to obtain custody of T.L. as he was a fit parent and no allegations were made against him. The Trial Court denied the Petitioner’s motions for custody of T.L. on March 17, 2005 and May 18, 2005. In the latter order, the Court ordered that T.L.’s custody be awarded to her mother, and then dismissed the Child in Need of Care proceeding. It is from this order that the Petitioner seeks relief.

DISCUSSION

[5] We find from an examination of the record that there is no witten order adjudicating the minor child, a child in need of care. Nor were any witten findings made in the record. This was essential as the mother denied in her response any basis for finding that the child was a minor in need of care. This was a contested matter.
[6] The Court was without jurisdiction to make any permanent orders regarding the minor child’s custody without a witten order adjudging the child’s minor in need of care status. We adopt the reasoning in In the Matter of the Appeal in Maricopa County Juvenile Action No. JD-05401, 173 Ariz. 634, 845 P.2d 1129 at 1135 (1993), and find without a written order adjudicating the minor child’s status that this court was without jurisdiction to order anything other than temporary emergency orders.

ORDER OF THE COURT

[7] We therefore find and declare that the Trial Court’s Order of May 18, 2005, to the extent it attempts to make a permanent custody order, is VOID.
SO ORDERED.